New York County.—Hon. D. G. ROLLINS, Surrogate.—January, 1885.

## Sayre v. Sayre.

*In the matter of the estate of* Rachel Sayre, *deceased.*

Upon an application, by the personal representative of a deceased legatee under decedent's will, to compel the executor thereof to account, the latter filed an affidavit alleging that he, petitioner's intestate, and another were the only "heirs at law" of their mother, the decedent, and that they had "divided and settled the estate of their mother, and passed and received releases to each other, and to deponent individually and as executor;" without setting forth the so-called releases or disclosing their character.—

*Held,* that such affidavit showed no cause why petitioner's application should not be granted.

Petition by Delia A. Sayre, to compel Henry D. Sayre, executor of decedent's will, to "make and render a judicial settlement of his accounts and proceedings," as such executor.

Jonathan Marshall, *for petitioner.*

Wm. C. Traphagen, *for executor.*

THE SURROGATE.—The petitioner, as the adminis-
tratrix of the late John J. R. Sayre, who was a legatee
under this decedent's will, seeks to compel an ac-
counting from decedent's executor.  The executor
has filed an affidavit, wherein he alleges that peti-
tioner's husband, Elizabeth A. Greer, and himself
were the "only heirs at law" of their mother, the
decedent, and that they "divided and settled the
estate of their mother, and passed and received re-
leases to each other, and to this deponent, individu-
ally and as executor."  The respondent claims, ac-
cordingly, that the petitioner has no interest in the
estate.   It is insisted, in opposition, that the affidavit,
assuming its contents to be true, fails to establish
such lack of interest in the petitioner.  The con-
tents of the so called releases are not set forth, nor
are their nature and character in anywise disclosed.
The antecedent statement, that the three children of
decedent "divided and settled" their mother's estate,
does not justify the inference that the "releases"
were of such sort as to have precluded the petition-
er's intestate in his lifetime, or herself since his
death, from demanding an accounting.

As matters now stand, I must grant the applica-
tion, but shall delay for ten days the entry of any
order.   Within that time, the respondent is per-
mitted to file any release or releases referred to in
his affidavit, or to file an additional affidavit, contain-
ing more definite allegations in the premises.